UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YAMAN LNU-VI (A# 226-128-664),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-4504 DJC SCR

ORDER

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 2, 2026, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. ECF No. 23. Respondents filed objections to the findings and recommendations on several grounds. ECF No. 24. Petitioner subsequently filed an opposition to Respondents' objections. ECF No. 25.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. While the undersigned typically employs a slightly different eight-factor test developed by the Western District of

Washington than that utilized by the Magistrate Judge (*see Kanay v. Chestnut,* No. 1:26-cv-04197-DJC-AC, 2026 WL 2185297, at *2 (E.D. Cal. July 29, 2026) (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)), the tests are substantially similar and are both focused on the ultimate issue: whether the detention is of a sufficient nature and duration that it no longer serves a valid immigration-related purpose.[1] While the Government objects to the Magistrate Judge's consideration of alternatives to detention, the Court concludes that factor may be one of many that is useful in determining whether a prolonged detention violates due process. But in any event, even putting that factor aside, the remaining factors, and those the undersigned employs, weigh strongly in favor of release.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 23) are adopted in full.

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on Count 1 (substantive due process) as follows:

   a. Respondents shall IMMEDIATELY RELEASE Petitioner YAMAN LNU-VI (A# 226-128-664) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

   b. Respondents may place Petitioner on standard conditions of supervision upon release.

3. Petitioner's motion for temporary restraining order (ECF No. 2) is DENIED as moot.

---

[1] Those factors are: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

4. Respondents' motion to dismiss (ECF No. 21) is DENIED.

5. The Clerk is directed to:

a. Serve the Golden State Annex with a copy of this Order; and

b. Enter judgment in Petitioner's favor and close the case.

6. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

IT IS SO ORDERED.

Dated: **September 15, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE